IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv75

| | |
|---|---|
| DANNY LEWIS ROWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CITY OF HICKORY, a municipal ) | |
| corporation; and T. E. HUNT, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the joint Motion for Protective Order. Having considered the joint motion and reviewed the pleadings, and it appearing the good cause has been shown for entry of a protective order, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the joint Motion for Protective Order (#15) is **GRANTED,** and the following **PROTECTIVE ORDER** is entered:

The following Protective Order governs the handling and disclosure of all materials produced by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information pursuant to N.C. Gen. Stat. § 160A-

-1-

168.

    1.    "CONFIDENTIAL INFORMATION" as used herein means:

        a.    All information and documents made confidential by N.C. Gen. Stat. §160A-168;

        b.    Any documents or information which are contained in a personnel file maintained by any party;

        c.    Any documents or information which are part of an application for employment with the City of Hickory or part of the selection process for employment with the City of Hickory.

    2.    The documents and information produced by the parties that contain confidential information shall be marked "CONFIDENTIAL" by the parties. The confidential documents shall be disclosed only for official use in this action, and for no other purpose.

    3.    The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

        a.    The Court;

        b.    Counsel for the parties to this action, their legal assistants and other staff members and employees;

        c.    Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

d. The parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

e. Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

f. Outside companies engaged by counsel for the parties to photocopy such documents.

4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 3(A), (B), (C), (D), (E) and (F) of this Order is bound by the provisions of this Order without the necessity of executing separate confidentiality agreement;

b. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them at the conclusion of the litigation of this action.

5. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy,

admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. If any such confidential documents are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or paper shall be marked to indicate that the transcript, filing or paper is subject to the terms of this Order.

8. Any party is entitled to challenge, through an appropriate Motion to the Court, any designation of documents or information as "CONFIDENTIAL INFORMATION" by any other party at any time during this litigation.

9. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

10. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same with a written

certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

11. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

Signed: April 9, 2008

Dennis L. Howell
United States Magistrate Judge