# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv75

| | |
|---|---|
| DANNY LEWIS ROWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CITY OF HICKORY, a municipal ) | |
| corporation; and T. E. HUNT, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on the parties joint Motion to Seal. For cause, the parties state that even though this matter is now before the Court of Appeals for the Fourth Circuit, the appellate court requires, before it will consider sealing pleadings, that this court consider in the first instance whether exhibits should be sealed. While this court has before it no Mandate or Order providing it with permission to reach this matter, the undersigned will deem the instructions contained in the joint motion to be reflective of such leave.

Particularly, the parties seek permission to seal exhibits H, I, and J of the plaintiff's Brief in Support of Motion for Summary Judgment (Docket Entry #22-9, 22-10, & 22-11).[1] For cause, the parties state that such exhibits contain sensitive personal and medical information concerning Defendant Hunt. Close review of

---

[1] Plaintiff did not request that such exhibits be sealed when they were originally filed.

-1-

exhibit H reveals that it contains documents containing highly sensitive personal identifiers as well as confidential educational records which should be sealed, along with other non-sensitive information such as law enforcement certifications, which are not sensitive items. Docket Entry # 22-9. Exhibit I appears to be daily reports from Defendant Hunt's training officers, which does not contain personal identifiers, but does constitute a portion of such defendant's personnel record and may be viewed as peer review, for which there is some argument that keeping such matters sealed would promote candor in the peer review process. Docket Entry # 22-10. Exhibit J is a compilation of professional performance appraisals concerning Defendant Hunt and is made confidential under Chapter 160A-168 of the North Carolina General Statutes.

The sealing of pleadings in this court is governed by Local Civil Rule 6.1 (W.D.N.C. 2008). The rule provides in relevant part as follows:

> **LCvR 6.1    SEALED FILINGS AND PUBLIC ACCESS.**
> **(A)    *Scope of Rule*.** This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.
> **(B)    *Filing Under Seal.*** No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.
> **(C)    *Motion to Seal or Otherwise Restrict Public Access*.** A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:
> > **(1)**    a non-confidential description of the material sought to be sealed;
> > **(2)**    a statement as to why sealing is necessary and why

>> there are no alternatives to filing under seal;
> **(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
> **(4)** supporting statutes, case law or other authority.
>
> \* \* \*
>
> **(E)** *Public Notice.* No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.
>
> **(F)** *Orders Sealing Documents.* Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.
>
> \* \* \*

L.Cv.R. 6.1(W.D.N.C. 2008).

While the full period under Local Civil Rule 7.1 has yet to expire, the court deems that there has been sufficient public notice and that no party has indicated a desire to intervene. The court will, therefore, reach the merits of the motion so as not to delay the appellate court. The court would, of course, consider any objection to sealing filed within the allowed period by revisiting the issue in the event an objection is subsequently filed.

Next, the court considers the factors contained in Local Civil Rule 6.1(C). Clearly, the joint motion fails to address the factors contained in Local Civil Rule 6.1(C) and the parties fail to even cite the court to the rule governing the sealing of documents. The court will overlook such procedural misstep and

admonish the parties to closely review the court's Local Civil Rules.

The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The motion simply describes the materials proposed to be sealed as exhibits H, I, & J to plaintiff's brief, while the rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed and "Exhibits H, I, & J" simply does not satisfy that requirement. The court has remedied this deficiency with the description hereinabove provided for each exhibit.

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). Clearly, much of the material contained in exhibit H would not be subject to seal inasmuch as a number of documents contained therein are state issued certifications of a law enforcement officer - - clearly materials, like law licenses, which are within the public domain. Thus, plaintiff could have filed parts of exhibit H in a manner that would have segregated confidential and personally sensitive information from information that should not be sealed.[2] It appearing, however, that such error cannot now be

---

[2] The court notes that the better practice is to assign each document an exhibit number inasmuch as this aids not only the sealing process, but allows the court's attention to be directed swiftly to a relevant document.

corrected and that exhibits I and J are particularly sensitive peer review and training records, the court finds that there are no alternatives at this point to sealing exhibits H, I, & J.

As to Local Civil Rule 6.1(C)(3), the parties have not indicated how long such materials should be sealed. Inasmuch as such materials contain personal identifiers that will follow Defendant Hunt throughout life and peer review intended to improve law enforcement, the court believes that the seal should be permanent.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. While none have been provided, the court has considered the decision of the Court of Appeals for the Fourth Circuit in <u>Media general operations, Inc. v. Buchanan</u>, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. *Goetz*, 886 F.2d at 66.

<u>Id.</u>, at 429. The proposed sealing of the exhibits in this matter appears to be in conformity with prevailing law.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will allow the joint Motion to Seal and direct the Clerk of this Court to seal docket entries numbered 22-9, 22-10, & 22-11 and no others. The court reserves the right to revisit such sealing if objections are filed by third parties on or before October 17, 2008.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the joint Motion to Seal (#40) is **ALLOWED** and the Clerk of this Court is respectfully directed to seal docket entries numbered 22-9, 22-10, & 22-11 and no others.

Signed: October 8, 2008

Dennis L. Howell
United States Magistrate Judge